IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>AMMANUEL JIEL,<br><br>           Defendant. | 8:19CR121<br><br>RULE 17.1 CONFERENCE<br>MEMORANDUM OF HEARING |

This matter came before the Court on October 10, 2019, for a hearing on the Government's motion (Filing No. 32) for a pretrial conference pursuant to Federal Rule of Criminal Procedure 17.1. The Government was represented by Matt E. Lierman, Assistant United States Attorney, and the Defendant, Ammanuel Jiel, was represented by Glenn Shapiro.

The parties discussed the below listed evidentiary issues related to trial and reached the following agreements:

1. <u>Lab Results for Seized Narcotics</u>. The government proposed a written stipulation that the suspected controlled substances were sent to the Douglas County Sheriff's Office Laboratory to be weighed and tested to determine their chemical composition; that forensic chemists performed such tests; that such tests and analyses performed were generally accepted within the field of forensic chemistry; and that based upon these tests the exhibits contained specific weights and substances, for instance: Exhibit 1 contains 13.82 grams of marijuana, etc. Mr. Shapiro had no objection to this proposal. The Government is therefore ordered to provide a written stipulation to the Defendant no later than two weeks from the date this order is filed.

2. <u>Seized Narcotics</u>. The government proposes utilizing a single agent to testify to the narcotics seized and submitted into evidence by officers on each of the four confidential informant (CI) buys listed in the *Superseding Indictment*. A single agent would negate the need for multiple agents to testify as to links in the chain of custody. Mr. Shapiro had no objection to this proposal.

3. <u>Seized Firearms</u>. The government proposes utilizing a single agent to testify to each of the nine firearms seized by law enforcement and submitted into evidence. A single agent would negate the need for multiple agents to testify as to links in the chain of custody. Mr. Shapiro had no objection to this proposal.

Counsel for the Government anticipates **3 trial days** for its case in chief and represents that **5 trial days** in total is sufficient for this matter to be heard. The parties represented that they will continue to work towards resolving this case and make any arrangements necessary with the court to facilitate a speedy and expeditious resolution to this matter.

IT IS ORDERED:

1. The above statements constitute the agreed upon matters during the Rule 17.1 Conference;

2. Counsel for the Government and the Defendant have been given an opportunity to review this Rule 17.1 Conference Memorandum of Hearing and have not made any objections; and

3. Trial in this matter remains scheduled for November 12, 2019, before United States District Court Judge Robert F. Rossiter unless and until the parties make further arrangements with the Court.

Dated this 10th day of October, 2019.

BY THE COURT:

s/ MICHAEL D. NELSON
United States Magistrate Judge