IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19-CR-121 |
| vs. | |
| AMMANUEL JIEL, | ORDER |
| Defendant. | |

      This matter comes before the Court on Defendant's Motion to Withdraw his Plea of Guilty pursuant to Federal Rule of Criminal Procedure 11(d). Filing 62. Defendant makes this request because he believes he is innocent of the charges in the Superseding Indictment. Filing 62 at 1.

## I.    Background

      On April 15, 2019, the United States filed a four-count Indictment against Defendant. Filing 1. In August of 2019, a Superseding Indictment was filed adding four more counts against Defendant. Filing 22. Counts one, three, five, and seven allege that on separate days between September 21, 2018, and October 26, 2018, Defendant knowingly and intentionally distributed a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Filing 22. Counts two, four, six, and eight allege that on the same days, Defendant knowingly used or carried various firearms during and in relation to a drug trafficking crime. Filing 22.

      On December 19, 2019, Defendant appeared before this Court and withdrew his plea of not guilty and entered pleas of guilty to counts one through four of the Superseding Indictment. Filing 52. The United States Probation and Pretrial Office for the District of Nebraska sent copies of the Presentence Investigation Report to counsel for the parties on January 30, 2020. On February 19, 2019, two months after the plea hearing, counsel for Defendant filed an Adoption of the

Presentence Investigation Report and Defendant's Statement. Filing 57. In his Adoption, Defendant stated he has no objections, additions, or changes to the Presentence Report and did not anticipate offering evidence at sentencing. Filing 57. The sentencing hearing was originally set for March 18, 2020. Filing 53. However, due to the COVID-19 crisis and General Orders 2020-05 and 2020-06, the sentencing hearing was rescheduled twice, first to April 22, 2020, and then to June 6, 2020. Filing 58; Filing 59.

On April 10, 2020, Defendant filed a Motion to Withdraw his Plea of Guilty that did not comply with NECrimR 33.1 and NECrimR 12.3(b)(1) which require a party to simultaneously file a brief with all contested post-trial motions. Filing 60. The Court rejected the motion for lack of compliance. Filing 61. On April 22, Defendant filed the current motion with an accompanying brief. Filing 62; Filing 63. For the reasons set forth herein, Defendant's Motion is denied.

## II.     Analysis

Under Federal Rule of Criminal Procedure 11(d), a defendant is entitled to withdraw his or her plea after the entry of plea but before sentencing if the Court rejects the plea agreement under Rule 11(c)(5) or the defendant can show a fair and just reason for requesting the withdrawal. As a starting point, after the entry of a plea, the burden of proof shifts to the defendant to show why a withdrawal is warranted. *See United States v. Morales*, 120 F.3d 744, 747 (8th Cir. 1997) (citing *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997)). "While a defendant seeking to withdraw a plea before sentencing is given a more liberal consideration than someone seeking to withdraw a plea after sentencing, 'a defendant has no absolute right to withdraw a guilty plea before sentencing . . . .'" *See Prior*, 107 F.3d at 657 (citing *United States v. Boone*, 869 F.2d 1089, 1091 (8th Cir. 1989)). The decision to allow a withdrawal of a plea remains in the sound discretion of the trial court. *Id*. Factors to be considered for allowing a defendant to withdraw his plea are

whether the defendant established a fair and just reason to withdraw his plea; whether the defendant asserts his legal innocence of the charge; length of time between guilty plea and the motion to withdraw; and whether the Government will be prejudiced. *See Boone*, 869 F.2d at 1091-1092. In short, Defendant has failed to demonstrate any of these factors support his withdrawing his plea.

1. *Defendant's Assertion of Innocence*

Defendant now asserts he is innocent of the charges brought by the Superseding Indictment. Filing 63 at 1. This assertion of innocence also serves as Defendant's fair and just reason to withdraw his plea. However, in support of his claim of innocence, Defendant fails to allege any facts that existed before his plea or that were uncovered after his entry of plea that would justify withdrawal. Filing 63.

Not only has Defendant failed to provide evidence demonstrating his innocence, but Defendant repeatedly agreed that there are facts which support his guilty plea in his signed plea agreement (Filing 55), his Petition to Enter a Plea of Guilty (Filing 54), and during his change of plea hearing (Filing 52). Defendant fails to present any issues with regard to the advice given to him by his counsel or his understanding of the change of plea hearing and corresponding documents. Barring any new information, the Court does not find any good reason to allow Defendant to withdraw his guilty plea.

2. *Timeliness*

As outlined above, Defendant entered his guilty plea on December 19, 2019. He filed his first motion to withdraw his plea on April 10, 2020, and the current motion on April 22, 2020. Filing 60; Filing 62. Defendant fails to allege any facts that explain why he waited four months before he requested to withdraw his plea. In addition, the original sentencing date was March 22,

nearly a month prior to the request to withdraw the plea, which suggests Defendant was prepared to proceed with sentencing on March 22.

Finally, because the Court does not find just and fair reasons are currently shown by Defendant, the Court need not discuss any potential prejudice to the Government.

For these reasons, Defendant's Motion to Withdraw is denied.

IT IS ORDERED:

1. Defendant's Motion to Withdraw Plea of Guilty (Filing 62) is denied;
2. The sentencing hearing set for June 6, 2020, at 11:00 a.m. remains as scheduled.

Dated this 12th day of May, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge