IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>AMMANUEL JIEL,<br><br>     Defendant. | 8:19-CR-121<br><br>MEMORANDUM AND ORDER |

    This matter comes before the Court on Defendant's Third Motion to Withdraw his Plea of Guilty pursuant to Federal Rule of Criminal Procedure 11(d). Filing 68. Defendant makes this request because he asserts he was under duress and scared into signing the plea agreement. Filing 69 at 1.

### I. BACKGROUND

    On April 15, 2019, the United States filed a four-count Indictment against Defendant. Filing 1. In August of 2019, a Superseding Indictment was filed adding four more counts against Defendant. Filing 22. Counts one, three, five, and seven allege that on separate days between September 21, 2018, and October 26, 2018, Defendant knowingly and intentionally distributed a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Filing 22. Counts two, four, six, and eight allege that on the same days, Defendant knowingly used or carried various firearms during and in relation to a drug trafficking crime. Filing 22.

    On December 19, 2019, Defendant appeared before this Court and withdrew his plea of not guilty and entered pleas of guilty to counts one through four of the Superseding Indictment. Filing 52. The United States Probation and Pretrial Office for the District of Nebraska sent copies of the Presentence Investigation Report to counsel for the parties on January 30, 2020. On February

19, 2019, two months after the plea hearing, counsel for Defendant filed an Adoption of the Presentence Investigation Report and Defendant's Statement. Filing 57. In his Adoption, Defendant stated he has no objections, additions, or changes to the Presentence Report and did not anticipate offering evidence at sentencing. Filing 57. The sentencing hearing was originally set for March 18, 2020. Filing 53. However, due to the COVID-19 crisis and General Orders 2020-05, 2020-06, and 2020-09 the sentencing hearing was rescheduled three times, first to April 22, 2020, then to June 6, 2020, and finally to July 8, 2020. Filing 58; Filing 59; Filing 67.

On April 10, 2020, Defendant filed a Motion to Withdraw his Plea of Guilty that did not comply with NECrimR 33.1 and NECrimR 12.3(b)(1) which require a party to simultaneously file a brief with all contested post-trial motions. Filing 60. The Court rejected the motion for lack of compliance. Filing 61. On April 22, Defendant filed his second Motion to Withdraw Plea of Guilty with an accompanying brief. Filing 62; Filing 63. Defendant asserted he was innocent of the charges in the Superseding Indictment. Filing 62 at 1. The Court denied that motion on May 12, 2020. Filing 66. Defendant has filed a third motion to withdraw his plea, this time changing his argument to contend that he was threatened and under duress when entering into his plea. Filing 69 at 1-2. For the reasons stated herein, the Defendant's motion is denied.

## II. ANALYSIS

Under Federal Rule of Criminal Procedure 11(d), a defendant is entitled to withdraw his or her plea after the entry of plea but before sentencing if the Court rejects the plea agreement under Rule 11(c)(5) or the defendant can show a fair and just reason for requesting the withdrawal. As a starting point, after the entry of a plea, the burden of proof shifts to the defendant to show why a withdrawal is warranted. *See United States v. Morales*, 120 F.3d 744, 747 (8th Cir. 1997) (citing *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997)). "While a defendant seeking to withdraw

a plea before sentencing is given a more liberal consideration than someone seeking to withdraw a plea after sentencing, 'a defendant has no absolute right to withdraw a guilty plea before sentencing . . . .'" See Prior, 107 F.3d at 657 (citing United States v. Boone, 869 F.2d 1089, 1091 (8th Cir. 1989)).

The decision to allow a withdrawal of a plea remains in the sound discretion of the trial court. Id. Factors to be considered for allowing a defendant to withdraw his plea are whether the defendant established a fair and just reason to withdraw his plea; whether the defendant asserts his legal innocence of the charge; length of time between guilty plea and the motion to withdraw; and whether the Government will be prejudiced. See Boone, 869 F.2d at 1091-92. Defendant has failed to demonstrate these factors support allowing him to withdraw his plea.

A. Defendant's Alleged Fair and Just Reason

Defendant now asserts that he was threatened with severe penalties if he did not enter into the plea agreement. Filing 69 at 2. Defendant has failed to present evidence in support of this contention. The Court specifically questioned Defendant, under oath, about this concern on December 19, 2019. During Defendant's plea hearing, he was asked if he was threatened to sign the plea agreement. He was also asked if he was threatened to waive his constitutional rights and whether he was entering his plea guilty. Defendant unequivocally responded "no" to each of those inquires. Further, Defendant answered several questions in his Petition to Enter a Plea of Guilty that indicated he was entering his plea of guilty voluntarily. Filing 54 at 6-7.

From a review of the plea agreement and Superseding Indictment, it is clear that Defendant would have faced more severe penalties if he had been found guilty of all eight counts. Counts 2, 4, 6, and 8 each carry mandatory minimums that would be served consecutive to the underlying offenses and each other. Functionally, by dismissal of half the charges pursuant to the plea

agreement, Defendant's possible sentence is reduced. "While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible—'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'" *Nguyen v. U.S.*, 114 F.3d 699, 704 (8th Cir. 1997) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S. Ct. 663, 668, 54 L. Ed. 2d 604 (1978).

Barring any new information, the Court does not find any good reason to allow Defendant to withdraw his guilty plea

### B. Defendant's Assertion of Innocence

Defendant previously asserted he was innocent of the charges brought by the Superseding Indictment. Filing 63 at 1. Defendant fails to reassert this claim. *See generally* Filing 69. To the extent the Court will reconsider Defendant's previous assertion of innocence the Court finds Defendant fails to allege any facts that existed before his plea or that were uncovered after his entry of plea that would justify withdrawal. Filing 63.

Not only has Defendant failed to provide evidence demonstrating his innocence, but Defendant repeatedly agreed that there are facts which support his guilty plea in his signed plea agreement (Filing 55), his Petition to Enter a Plea of Guilty (Filing 54), and during his change of plea hearing (Filing 52). Defendant fails to present any issues with regard to the advice given to him by his counsel or his understanding of the change of plea hearing and corresponding documents and this factor accordingly does not favor allowing Defendant to withdraw his plea.

### C. Timeliness

As outlined above, Defendant entered his guilty plea on December 19, 2019. He filed his first motion to withdraw his plea on April 10, 2020, and the second motion on April 22, 2020.

Filing 60; Filing 62. The second motion was denied on May 12, 2020. Filing 66. Defendant filed his third and current motion with supporting brief on June 24, 2020. Filing 68. Filing 69.

Defendant fails to allege any facts that explain why he waited four months before he initially requested to withdraw his plea. In addition, the original sentencing date was March 22, nearly a month prior to the first request to withdraw the plea, which suggests Defendant was prepared to proceed with sentencing on March 22.

### D. Prejudice to the Government

Finally, because the Court does not find just and fair reasons are currently shown by Defendant to permit withdrawal of his plea, the Court need not discuss any potential prejudice to the Government.

### III. CONCLUSION

For the reasons set forth herein, Defendant's Motion to Withdraw is denied. Accordingly, IT IS ORDERED:

1. Defendant's Motion to Withdraw Plea of Guilty (Filing 68) is denied;
2. The sentencing hearing set for July 8, 2020, at 11:00 a.m. remains as scheduled.

Dated this 7th day of July, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge