IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMMANUEL JIEL, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | 8:19-CR-121 <br><br> **ORDER AND MEMORANDUM** |

This matter is before the Court on Petitioner Ammanuel Jiel's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). Filing 87. Petitioner seeks relief based on alleged ineffective assistance of counsel. Filing 87. Upon an initial review, the Court determined that Petitioner's claims were potentially cognizable, and the Court now reviews the record. Filing 88. As discussed below, the Court will deny Petitioner's motion without an evidentiary hearing.

## I. BACKGROUND

Petitioner sold firearms and detectable amounts of marijuana to a confidential informant on four separate occasions. Filing 55 at 1-2; Filing 89 at 13-14. A grand jury indicted Petitioner on two charges under 21 U.S.C. §§ 841(a)(1), 841(b)(1) and two charges under 18 U.S.C. § 924(c)(1)(A). Filing 1. Petitioner knowingly and voluntarily pled guilty to these charges. Filing 89 at 13. Petitioner signed a Plea Agreement and a Petition to Enter a Plea of Guilty on November 7, 2019. Filing 54; Filing 55. Four additional grand jury indictments were dropped pursuant to Petitioner's Plea Agreement. Filing 55 at 1. As part of his Plea Agreement, Petitioner waived his right to withdraw his guilty plea. Filing 55 at 6. His plea was accepted by the Court on December 19, 2019. Filing 83. Petitioner's sentencing hearing was originally scheduled for March 2020;

1

however, the COVID-19 crisis pushed the sentencing first to April 22, 2020, then to June 6, 2020, then to July 8, 2020. Filing 53; Filing 58; Filing 59; Filing 67.

Petitioner moved to withdraw his guilty plea on April 10, 2020, and again on April 22, 2020, asserting his innocence as the reason for withdrawal. Filing 60; Filing 62; Filing 63. The Court rejected his April 10 motion because it lacked compliance with NECrimR 33.1 and NECrimR 12.3(b)(2). Filing 65 at 2. The Court denied Petitioner's April 22 motion because he failed to demonstrate facts to prove his claim of innocence, and because he failed to justify why he waited four months between his initial plea hearing and his request to withdraw his plea. Filing 65 at 3-4 (citing, inter alia, *United States v. Boone*, 869 F.2d 1089, 1091-92 (8th Cir. 1989) (describing the factors a court will consider when allowing a withdrawal of a guilty plea, which include whether the defendant asserts his legal innocence and the length of time between the guilty plea and the motion to withdraw)).

Petitioner filed a third motion to withdraw his plea on June 24, 2020, claiming he was under duress when entering his plea. Filing 68; Filing 69. The Court again denied his motion because he contradicted his earlier sworn statements that he entered his plea voluntarily, and he provided no justification for this contradiction. Filing 70 at 3-4. Petitioner also failed to remedy the issues with the earlier denied motion, including that the Petitioner did not provide any evidence of his innocence, nor did he justify the long stretch of time before requesting to withdraw his plea. Filing 70 at 4-5.

Petitioner, after these failed motions, asked his counsel to withdraw. Filing 71. Petitioner's sentencing was continued until he obtained new counsel. Filing 72. Petitioner obtained new counsel and was sentenced on September 16, 2020 to 126 months of incarceration. Filing 78; Filing 83 at 2. Petitioner timely filed this post-conviction § 2255 Motion on February 2, 2021. Filing 87.

2

## II. DISCUSSION

### A. Legal Standard

28 U.S.C. § 2255(a) provides a mechanism for relief if a prisoner is in custody due to a "sentence . . . imposed in violation of the Constitution or laws of the United States." Upon receipt of a motion requesting such relief, the Court "shall . . . grant a prompt hearing thereon." 18 U.S.C. § 2255(b). However, no hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 18 U.S.C. § 2255(b). "A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Dat v. United States*, 920 F.3d 1192, 1194 (8th Cir. 2019) (quoting *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012)). Where a movant's allegations "amount[] to nothing more than a bare contradiction of the statements he made when he pled guilty," a district court may deny the petition without a hearing. *United States v. Cowin*, 565 F.2d 548, 549 (8th Cir. 1977) (citing *United States v. Williams*, 536 F.2d 247 (8th Cir. 1976)); *see also United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989) (.

### B. Analysis of Ineffective Assistance of Counsel Claims

Each of Petitioner's claims are based on alleged ineffective assistance of counsel in violation of Petitioner's Sixth Amendment rights. *See* Filing 87. To establish ineffective assistance of counsel in a § 2255 Motion, a movant must overcome a "heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). "To prevail on an ineffective assistance of counsel claim, a convicted defendant must establish two prongs: (1) 'that counsel's performance was deficient' and (2) 'that deficient performance prejudiced the defense ... [so] as to deprive the defendant of a fair trial.'" *Booth v. Kelly*, 882 F.3d 759, 761-762 (8th Cir. 2018) (rehearing en banc denied) (quoting

*Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687-89. To show prejudice, a movant "must prove a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). "If the defendant cannot prove prejudice, [the Court] need not address whether counsel's performance was deficient." *Id.* (citing *Apfel,* 97 F.3d at 1076). In the guilty plea context, "a defendant must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)).

      Petitioner essentially makes two arguments: (1) counsel was ineffective because Petitioner misunderstood the laws under which he was charged, and (2) counsel was ineffective because Petitioner misunderstood the consequences and circumstances of his guilty plea. Filing 87. In the first argument, Petitioner fails to demonstrate how his counsel's alleged error prejudiced him because Petitioner does not show how counsel could have caused a different outcome. *See DeRoo,* 223 F.3d at 925 ("To establish prejudice, [a movant] must prove a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different."). In the second argument, Petitioner fails to provide anything other than "bare contradiction[s]" of his statements made under oath. *See Cowin,* 565 F.2d at 549 ("Cowin's allegation amounts to nothing more than a bare contradiction of the statements he made when he pled guilty, and therefore the district court did not err in denying the petition without an evidentiary hearing."). For these

reasons, Petitioner's claims fail, and the Court dismisses his § 2255 Motion without an evidentiary hearing.

1. *Petitioner Was Not Prejudiced by Counsel's Investigation of the Law*

Petitioner alleges his counsel failed to seek dismissal of charges and failed to investigate the statutes under which Petitioner was charged. Filing 87. Petitioner argues his counsel was ineffective because counsel failed to move to dismiss Counts I and III. Petitioner argues that nothing in 21 U.S.C. §§ 841(a)(1) and 841(b)(1) allow a penalty for the amount of marijuana that Petitioner sold to the confidential informant. Filing 87 at 2. Petitioner further argues he is innocent because if he had been charged under a state law for distribution of marijuana, he would not be in prison, and the Government and counsel misapplied marijuana distribution laws. Filing 87 at 7. Relatedly, Petitioner argues his counsel failed to investigate the law regarding the use of a firearm in furtherance of a drug trafficking crime in Counts II and IV. Filing 87 at 3-4. Petitioner fails to show that he was prejudiced by his counsel's alleged errors because Petitioner misstates the law in his § 2255 motion. *See DeRoo*, 223 F.3d at 925 ("To establish prejudice, [a movant] must prove a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different.").

  a. Penalty Under 21 U.S.C. § 841(b)(1)(D)

Petitioner argues that his counsel was ineffective because counsel failed to move to dismiss the charges, failed to provide a complete defense, and improperly advised Petitioner on the underlying law, which coerced the Petitioner to plead guilty. Filing 87 at 2-7. Petitioner asserts that the statute under which he was charged does not outline a consequence for selling the amount of marijuana that he sold. Filing 87 at 2. He also argues the Government "bolstered" his actions in

order to bring charges against him. Filing 87 at 7. Further, Petitioner argues that had he been charged under state law, he would not be incarcerated. Filing 87 at 7.

Petitioner was charged under 21 U.S.C. § 841(b)(1)(D), which provides a maximum penalty of no more than five years for distribution of less than 50 kilograms of marijuana. The statute does not indicate a minimum amount of marijuana, and only states that there is a penalty for anything *less than* 50 kilograms. 21 U.S.C. § 841(b)(1)(D). The statute allows a penalty of up to five years of incarceration for selling *any amount* less than 50 kilograms of marijuana. *Id.* The Government did not need to "bolster" the actions of the Petitioner in order to bring his conduct under the purview of the statute because Petitioner admitted to the facts underlying the charges. *See* Filing 54; Filing 55. Petitioner was properly charged under federal law, not state law. Filing 1. The state penalties for marijuana are irrelevant to Petitioner's federal charges. Had Petitioner's counsel sought to dismiss the charges under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), the motion would have been unsuccessful. Petitioner fails to show a reasonable probability of a different outcome but for his counsel's alleged mistakes. *See DeRoo*, 223 F.3d at 925 ("To establish prejudice, [a movant] must prove a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different.").

    b. Penalty Under 18 U.S.C. § 924(c)(1)(A)

Petitioner asserts that he did not "use" a firearm within the meaning of 18 U.S.C. § 924(c)(1)(A). Petitioner was properly charged with using a firearm in furtherance of a drug trafficking crime. Filing 1. Case law is clear that where a firearm is sold together with drugs, such an action constitutes the "use" of a firearm in 18 U.S.C. § 924(c)(1)(A). *United States v. Claude X,* 648 F.3d 599, 604 (8th Cir. 2011) (citations omitted) ("[T]he meaning of 'use' [in 18 U.S.C. § 924(c)(1)(A)]. . . encompasses selling a firearm and drugs. . .in a single transaction."). When

Petitioner sold firearms and marijuana in the same transaction to the confidential informant, *see* Filing 55 at 1-2, Petitioner "used" a firearm in a way which subjects him to criminal penalties under the federal statute. *Claude X,* 648 F.3d at 604. Petitioner's counsel reviewed Eight Circuit precedent in advising Petitioner. Filing 94-1 at 1. Had Petitioner's counsel moved to dismiss the charges, the motion would have been unsuccessful. Thus, Petitioner fails to show a reasonable probability of a different outcome but for his counsel's alleged mistakes. *See DeRoo*, 223 F.3d at 925 ("To establish prejudice, [a movant] must prove a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different.").

   2. *Petitioner Contradicts His Own Sworn Statements*

Petitioner argues that he would not have pled guilty had he known he could not withdraw his plea. Filing 87 at 5-6. Petitioner asserts that he entered a guilty plea in order to enter into negotiations with the Government, and that his counsel advised him to do so. Filing 87 at 5-6. Petitioner concludes his counsel coerced him into taking a plea deal. Filing 87 at 6-7. Where Petitioner asserts only "bare contradiction[s]" to statements made under oath, an evidentiary hearing is unnecessary. *Cowin*, 565 F.2d at 549 ("Cowin's allegation amounts to nothing more than a bare contradiction of the statements he made when he pled guilty, and therefore the district court did not err in denying the petition without an evidentiary hearing.").

Petitioner's multiple signed statements and sworn testimony contradict his assertions in his § 2255 Motion. First, Petitioner signed his Petition to Enter a Plea of Guilty on November 7, 2020, in which he affirmed (1) his waiver of his constitutional rights, (2) his understanding of the potential penalties he faced, and (3) the voluntariness of his guilty plea. Filing 54. Second, Petitioner's Plea Agreement, also signed on November 7, 2020, reflected his understanding of the elements of each offense to which he was pleading guilty and his admission to the facts underlying

7

the Indictment. Filing 55. Petitioner, by signing the Plea Agreement, certified that he read and understood the meaning and effect of the Plea Agreement. Filing 55 at 7.

The Court did not accept the Plea Agreement until December 19, 2019, giving Petitioner time to review the deal the Government offered before pleading guilty before the Court. Filing 89 at 2. At his plea hearing, the Court found that Petitioner was competent to proceed with the hearing. Filing 89 at 4. After the Court informed Petitioner of each element of each count charged against him, Petitioner was asked on the record if he understood the charges and whether he understood what the Government would have to prove to find him guilty. Filing 89 at 5-6. Petitioner responded affirmatively. Filing 89 at 5-6. Had Petitioner not understood his Plea Agreement or the underlying charges, he had several opportunities before the Court during which he could have made his confusion known.

Petitioner's claim here is similar to assertions made in his motions to withdraw his plea, which this Court denied. Filing 65; Filing 70. Petitioner again fails to provide any basis for which he is asserting his innocence beyond incorrect statements of the law. *Supra* Part II(B)(1)(a-b). Petitioner testified that he understood the consequences of his guilty plea. Filing 89 at 7-9. Petitioner affirmed that he made his guilty plea voluntarily, and that no one had made promises to him. Filing 89 at 9. Petitioner provides no additional facts in his § 2255 Motion to support his assertion that he was coerced into pleading guilty, thus it is appropriate for this Court to deny the motion without a hearing. *See Cowin*, 565 F.2d at 549 ("Cowin's allegation amounts to nothing more than a bare contradiction of the statements he made when he pled guilty, and therefore the district court did not err in denying the petition without an evidentiary hearing."). Petitioner fails to show how his counsel was ineffective when Petitioner repeatedly affirmed that he understood the charges against him and the consequences of his guilty plea. His claims are denied.

### C. Certificate of Appealability

The Court will not issue a certificate of appealability. A petitioner under 28 U.S.C. § 2255 may not appeal an adverse ruling unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). The Court will only grant a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To show the denial of a constitutional right, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Petitioner has made no such showing, and no certificate of appealability will issue.

### III. CONCLUSION

Based on the Court's review of the entire record and Petitioner's § 2255 Motion, Petitioner is not entitled to post-conviction relief under 28 U.S.C. § 2255.

IT IS ORDERED:

1. Petitioner Ammanuel Jiel's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing 64, is denied;

2. No certificate of appealability will issue;

3. The Clerk shall mail a copy of this Memorandum and Order to Ammanuel Jiel at his last known address; and

4. A separate Judgment will be entered, denying the § 2255 Motion.

Dated this 1st day of July, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge